Julie Anne Parsons
State Bar Number 00790358
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, Texas 78680-1269
Telephone: (512) 323-3200
Fax: (512) 323-3205
Email: jparsons@mvbalaw.com
*Counsel for Taylor County CAD*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Case No. 24-10026 (rlj) |
| | § | |
| **JM4 TACTICAL LLC** | § | |
| | § | |
| **Debtors** | § | Chapter 11 |

**TAYLOR COUNTY CAD'S OBJECTION TO
DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION
DATED 03/28/2024 (ECF 45)**

**TO THE HONORABLE ROBERT L. JONES:**

NOW COMES Taylor County CAD ("Taylor") and files this objection to the Debtor's First Amended Chapter 11 Plan of Reorganization Dated 03/28/2024 (ECF 45) (the "Plan") and would respectfully show the Court the following:

1. Taylor, a duly organized governmental unit of the State of Texas, has filed a secured claim (Claim No. 1-3) in the amount of $8,584.92 for *ad valorem* property assessed against Debtor's Business Personal Property for the 2023 tax year and estimated amounts to be assessed for the 2024 tax year.

2. Taylor's pre-petition claim is secured by unavoidable, first priority, perfected liens on the Debtor's business personal property pursuant to Texas Tax Code Sections 32.01 and 32.05 and 11 U.S.C. Section 362(b)(18). *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894

1

S.W.2d 841 (Tex. App. – Eastland 1995). These liens arise on January 1 of each tax year along with the property owner's personal liability for the *ad valorem* taxes and attach to the property by operation of law. Tex. Prop. Tax Code 32.01; 11 U.S.C. Sec. 362(b)(18). Texas Tax Code Section 32.01 provides:

(a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

(b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires

(c) ..

(d) The lien under this section is perfected on attachment and ... perfection requires no further action by the taxing unit.

11 U.S.C. Section 362(b)(18) allows the attachment of liens that secure taxes that come due post-petition.

(b) ... a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

3. Taylor objects to the definition of "Taylor County Secured Claim" found on Page 9 of the Plan. The correct name of the creditor is Taylor County CAD. Further, the definition erroneously refers to Dallas County instead of Taylor.

4. Taylor objects to the Plan because it does not provide for payment of the applicable statutory interest rate for *ad valorem* taxes in Sections 4.2 and 6.1. Taylor is entitled to post-petition pre-Effective Date interest and post-Effective Date interest at the statutory rate of 1% per month and 12% per annum, respectively, to the extent that the taxes are not paid in full prior to the delinquency date, pursuant to 11 U.S.C. Sections 506(b), 511 and 1129 and the Texas Tax Code. The debtor proposes a rate of 10.5% which is not agreeable to Taylor. With the change in interest rate, the proposed monthly payment to Taylor should be $800.00 rather than $756.75 as proposed.

5. Taylor objects to the Plan to the extent that it fails to provide that the Debtor will pay the tax year 2025 and subsequent year *ad valorem* taxes prior to the state law delinquency date in the ordinary course of business, with all statutory penalties and interest to accrue thereon under the Texas Tax Code if the Debtor fails to do so.

6. Taylor objects to Section 6.1 of the Plan to the extent it asserts that Taylor's claim is unimpaired.

7. Taylor objects to the Plan to the extent that it fails to provide for the retention of Taylor's tax liens for the 2023 and 2024 tax years until each such year's taxes are satisfied. The debtor proposes in Section 7.6 of the Plan for all Assets to vest in the Reorganized Debtor free and clear of all liens.

8. Taylor objects to the Plan to the extent the Debtor proposes in Section 9.3 that no amended proof of Claim may be filed without prior authorization of the Bankruptcy Court. As the

3

actual 2024 tax year taxes will not be assessed until approximately October 2024, Taylor should be allowed to amend its estimated claim amount for tax year 2024 to the actual assessed amount, when available, without leave of Court.

9. Taylor objects to the plan to the extent that it fails to include a default provision. Taylor suggests that it provide the Debtor with two (2) notices of default, each with a 30-day cure period. If the Debtor does not timely cure, or upon the 3rd default, the automatic stay should terminate as to Taylor and the business personal property and Taylor authorized to pursue all of its state law remedies without further notice or order of the court.

WHEREFORE, Taylor County CAD objects to confirmation of the Plan as raised herein, and requests that the Plan be denied confirmation absent inclusion of the requested edits and provisions. Taylor further requests such other and further relief to which it shows itself entitled.

Dated: April 15, 2024

Respectfully Submitted,

**McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

By: */s/ Julie Anne Parsons*
Julie Anne Parsons
Texas State Bar No. TX 00790358
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: (512) 323-3200 ext. 241
Email: jparsons@mvbalaw.com
*Attorney for Taylor County CAD*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2024, I filed the foregoing Objection and that it was electronically served via the Court's electronic noticing system to all parties registered to receive such notice in the above-captioned proceeding, including the following:

<u>Sub V Trustee:</u>
Brad W. Odell
Mullin Hoard & Brown, LLP
PO Box 2585
Lubbock, TX 79408-2585
bodell@mhba.com

<u>U.S. Trustee:</u>
Office of the U.S. Trustee
Attn:  Erin Marie Schmidt
1100 Commerce St., Room 976
Dallas, TX 75202
erin.schmidt2@usdoj.gov

<u>Debtor's Counsel:</u>
Brandon John Tittle
Tittle Law Group, PLLC
5465 Legacy Dr., Ste. 650
Plano, TX 75024
btittle@gpm-law.com

<u>Parties Requesting Notice:</u>
Mark J. Petrocchi (for First Bank Texas)
Griffith, Jay & Michel, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
mpetrocchi@lawgjm.com

Dawn Whalen Theiss, AUSA (for SBA)
1100 Commerce St., Ste. 300
Dallas, TX 75242
dawn.theiss@usdoj.gov


I further certify that on April 15. 2024, I mailed a true and correct copy of the Objection to

the Debtor at:

JM4 Tactical LLC
3250 S. Treadaway Blvd.
Abilene, TX 79602

*/s/ Julie Anne Parsons*
Julie Anne Parsons